**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ROBERT MCCORMICK : | |
| Petitioner : | |
| v : | Civil Action No. CCB-07-1817 |
| STATE OF MARYLAND : | |
| Respondent : | |

o0o

**MEMORANDUM**

The above-captioned petition for writ of habeas corpus, filed on July 9, 2007, pursuant to 28 U.S.C. § 2241, seeks dismissal of a pending warrant for violation of probation. Paper No. 1. For the reasons that follow, the petition must be dismissed.

Petitioner is an inmate at the federal prison camp in Duluth, Minnesota serving a sentence of 168 months.[1] *Id*. He claims that a pending violation of probation warrant issued by the Baltimore City Circuit Court and lodged as a detainer against him is hindering his ability to participate in rehabilitative programs offered by the federal Bureau of Prisons. *Id*. He seeks an order from this court dismissing the warrant with prejudice. *Id*. Petitioner asserts he has filed two motions to dismiss the violation of probation charges in state court. *Id*

When seeking federal habeas corpus relief, a petitioner must show that all of his claims have been presented to the state courts with jurisdiction to consider them. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). If there is an available state remedy which petitioner has failed to utilize, the claim is unexhausted; if petitioner is procedurally barred from availing himself of the state remedy, the claim is procedurally defaulted. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Petitioner

---

[1] Petitioner was sentenced to serve 168 months incarceration by this court on November 30, 2001, for possession with intent to distribute 500 grams or more of cocaine. *See United States v. McCormick*, Criminal Case CCB-01-77 (D. Md. 2001). His federal criminal conviction here appears to be the sole reason the instant petition was filed in this court.

apparently has attempted to present his claims in state court by filing motions requesting dismissal of the charges.

Notwithstanding petitioner's claim to a Sixth Amendment right to a speedy trial, probation revocation is not a stage of criminal prosecution. *See Gagnon v. Scarpelli*, 411 U. S. 778, 782 (1973). Where as here, the probationer has lost his liberty pursuant to another criminal conviction, the protections afforded to test the strength of the probation violation charges lodged against him are unnecessary. *See Carchman v. Nash*, 473 U.S. 716, 730-31 (1985). Accordingly, this court has no constitutional basis to order the state court to dismiss a warrant alleging violation of probation.

To the extent that petitioner is asserting a violation of the Interstate Agreement on Detainers (IAD), the claim still fails. The IAD applies to detainers based on any untried indictment, information or complaint and requires that a prisoner be brought to trial within 180 days of a request filed pursuant to the Act. A violation of probation charge is not an untried indictment, information or complaint and, thus, the act does not apply to it. *See Carchman*, 473 U.S. at 725– 26. Where the detainer alerts custodial authorities that a prisoner may have violated probation, a criminal conviction has already taken place and the issue to be resolved is whether the probation conditions imposed have been breached. *Id*. Failure to grant a request for disposition of such a charge does not run afoul of the IAD.

Accordingly, by separate order which follows, the petition shall be dismissed.


   July 27, 2007                                                  /s/
Date                                                        Catherine C. Blake
                                                              United States District Judge